## MULLINS–LAMBERT GIN CO. v. RENEAU.
### (5 Div. 686.)

Court of Appeals of Alabama.   Oct. 30, 1928.

Rehearing Denied Jan. 8, 1929.

Huddleston & Glover, of Wetumpka, for appellant.

Melton & Melton, of Dadeville, and Oakley W. Melton, of Wetumpka, for appellee.

SAMFORD, J. The principal insistence of error is that the trial court failed and refused to grant appellant's motion to set aside the verdict, and to grant a new trial on the ninth ground of said motion, in words and figures as follows:

"That on the trial of said cause the plaintiff offered in evidence a certain instrument of writing or statement which the plaintiff claimed contained what all the gin books and records of the defendants showed prior to the destruction of any of them as to the number of bales of cotton received by the defendants from the plaintiff and his tenants for and during the ginning season of 1924, that said instrument of writing or statement was allowed by the court in evidence, that upon its introduction and allowance in evidence the defendants moved the court to strike from said instrument of writing or statement all that was contained in the defendant's gin books and records that were in evidence, the court granted this motion and ordered the plaintiff to strike from, erase or mark off from said instrument or statement all that was contained in the said gin books and records that were already in evidence; this neither the plaintiff nor any one or more of his attorneys ever did and said instrument of writing or statement went to the Jury and into the Jury room with the Jury for their consideration in the same form and condition as originally introduced by the plaintiff along with the other books, records, papers, etc., that were given to the Jury for their consideration in making up their verdict."

This ground of the motion was supported by affidavit and not disputed. A contra affidavit was introduced, also undisputed, that neither of the defendants nor their attorneys knew that the papers described in the motion ever went to the jury; that neither the appellant nor his attorneys handed the paper to the jury.

■ Admittedly it was error for the illegal evidence, which had been ruled out of the case by the trial judge, to go to and be with the jury during the time they were considering the verdict, and there is nothing in this case, so far as the affidavits submitted on the motion go, to indicate that the illegal evidence was not considered along with the legal evidence. There is therefore but one question for us to decide; i. e., was the error free from injurious effect upon defendant's rights? It was the duty of the defendant's attorney to have erased from the three writ-ten sheets that part of the writing which the court had held to be illegal. It is urged by appellee that the court did not order the erasures made. Whether it be called an order or an instruction, the court held parts of the writing to be illegal as evidence and instructed the attorneys to make the erasures. They knew that all of the documentary evidence would be handed to the jury under orders of the court, and that this illegal evidence was so connected with the legal evidence as that the only way to eliminate it was by erasure, and that unless so erased it would be taken by the jury along with the other evidence to be considered by them in making up their verdict.

■ Notwithstanding Supreme Court Rule 45, which has many times been applied by this court in disposing of appeals where exceptions were merely technical, it is still the law of this jurisdiction that—

"Where error is shown it is presumed to have worked injury to the party against whom it was committed, and, unless the contrary affirmatively appears from the record the judgment will be reversed."

Rule 45, supra, is salutary and, in cases where applicable, serves a fine purpose in the orderly administration of the law; but it should always be so applied as not to invade the substantial rights of a litigant. Ala. Fuel, etc., Co. v. Ala. F. & C., 197 Ala. 669, 73 So. 374; Mit. Dig. vol. 1, 562, par. 1031.

■ From the record in this case we are unable to see how the copy of the original gin books could injuriously affect defendant's case, even if this copy was taken to the jury room while the case was being considered. In other words, the jury had the four gin books, which had not been destroyed. The copy offered in evidence was a copy from these books, and in addition was a copy of books that had been destroyed or lost. As to that part of the copy which pertained to the books there present, the court held to be inadmissible, but that part of the copy could not change the primary evidence as disclosed by the books, and when compared with the books could not mislead the jury. Even according to the contention of appellant, the jury had before them the original books from a given date, and that part of the copy objected to was but a repetition of what the books disclosed. We think the error complained of was without substantial injury.

■ Counts 1 and 4 state substantial causes of action and were not subject to any ground of demurrer assigned.

■ Plaintiff was asked by defendant's counsel this question: "On what did you settle with your tenants then?" This called for testimony res inter alios acta and was inadmissible.

Appellant's brief is not prepared in accordance with Supreme Court Rule 10. In spite of this, we have considered the main insistencies as we gather them from the brief; the other assignments are presented in such manner as to waive error.

In preparing briefs it would be well for attorneys to follow Rule 10 of the Supreme Court. We find no reversible error in the record, and the judgment is affirmed.

Affirmed.